986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tommy Carl MOORE, Plaintiff-Appellant,
v.
J.W. TRAPP, Sheriff of Choctaw County at Hugo, Oklahoma.
 No. 92-7092.
 United States Court of Appeals, Tenth Circuit.
 Dec. 23, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Tommy Carl Moore appeals the dismissal of his 42 U.S.C. § 1983 complaint and the denial of class certification and dismissal of the class action suit stated in his supplemental complaint. The original complaint against the sheriff of Choctaw County, Oklahoma, asserted he and other prisoners at the Choctaw County Jail were denied due process and equal protection rights, were subjected to cruel and unusual punishment, and denied adequate court access. The complaint sought no compensatory damages, only injunctive relief and punitive damages. The supplemental complaint asserted, on behalf of all prisoners incarcerated now and in the future at the Choctaw County Jail, denial of due process and equal protection with respect to access to law books at the jail, thus restricting adequate court access. Plaintiff asked for injunctive relief and class certification pursuant to Fed.R.Civ.P. 23(a).
 
 
 3
 Plaintiff was incarcerated as a pretrial detainee in the Choctaw County Jail from December 20, 1990, until January 17, 1991. He filed his original § 1983 complaint on February 26, 1991, while he was no longer in custody, but residing in Boswell, Oklahoma. He filed the supplemental complaint June 7, 1991, while incarcerated in neighboring Bryan County.
 
 
 4
 The district court properly dismissed plaintiff's original complaint. That complaint sought punitive damages as well as equitable relief. Because plaintiff did not include a prayer for compensatory damages, punitive damages were not available. And, since the original complaint was filed when plaintiff was no longer in defendant's custody, equitable relief was unavailable absent a showing of a real and immediate threat of injury. City of Los Angeles v. Lyons, 461 U.S. 95, 105 (1983); Fed.R.Civ.P. 65. Plaintiff's claim for equitable relief was moot at the time he filed suit.
 
 
 5
 The district judge denied class certification and dismissed the supplemental complaint because the case was moot as to plaintiff. A claim is moot "when the issues are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969).
 
 
 6
 Although plaintiff's claim is theoretically viable as to some members of the proposed class, we must also consider whether plaintiff continues to have a personal stake in the case. A class action is not necessarily moot when the named plaintiff's claim ceases to exist. When a plaintiff seeks to represent a class of which he is no longer a member, the question is whether the named representative can "fairly and adequately protect the interests of the class." United States Parole Commission v. Geraghty, 445 U.S. 388, 403 (1980); Fed.R.Civ.P. 23(a). If the claim is "capable of repetition yet evading review" and may arise again with respect to the named plaintiff, the named plaintiff's stake may be significant enough to assure vigorous advocacy on behalf of the class. In such instances, a plaintiff may litigate the class certification issue. Geraghty, 445 U.S. at 398. Here, plaintiff was not a member of the class at the time the supplemental complaint requesting class certification was filed, because he was no longer incarcerated in the Choctaw County Jail. Plaintiff may have been in this jail before (he asserts certain actions against him were in retaliation for his filing a prior lawsuit) but the record contains no evidence that plaintiff is likely to be reincarcerated in that jail again. Thus we must agree with the district court that plaintiff's asserted stake in this litigation is insufficient for him to represent the class of individuals who currently are, or may in the future be, incarcerated in the Choctaw County Jail.
 
 
 7
 The supplemental complaint sought only injunctive relief, an equitable remedy. A threshold requirement for obtaining injunctive relief is a showing of immediate and irreparable injury. Plaintiff was not a member of the class which he sought to represent, made no showing that he was otherwise the appropriate class representative, and, as to him personally, his request for injunctive relief was moot at the time his supplemental complaint was filed. The district court was correct, therefore, in denying class certification and dismissing the supplemental complaint.
 
 
 8
 AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3